IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ALEXIS STOWERS,** | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| **PROTECT SECURITY, LLC** | ) | |
| | ) | JURY TRIAL DEMANDED |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

COMES NOW Alexis Stowers ("Ms. Stowers" or "Plaintiff") and files this Complaint against Defendant Protect Security, LLC ("Employer"). Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1. This action is for sexual harassment, and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), and related state-law claims. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees and costs. Plaintiff further invokes pendant jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide claims arising under the laws of the State of Georgia for assault, battery, negligent supervision, and negligent retention.

## JURISDICTION AND VENUE

2. Ms. Stowers' Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. This Court has pendant jurisdiction over Ms. Stowers' claims arising under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367.

4. This Court is an appropriate venue for all of Ms. Stowers' claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because all of the parties reside within the Northern District of Georgia, and a substantial majority of events giving rise to Ms. Stowers' claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

5. Ms. Stowers filed a timely charge of sexual harassment and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge is attached hereto as Exhibit "A" and is incorporated herein.

6. Ms. Stowers received a notice of right to sue from the EEOC within ninety (90) days of filing this Complaint and has complied with all other conditions precedent to the institution of this lawsuit. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and is incorporated herein.

## PARTIES

7. Ms. Stowers is female.

8. Ms. Stowers is a citizen of the United States.

9. Ms. Stowers is a resident of the State of Georgia.

10. Ms. Stowers was an employee of Employer at all times material to this Complaint.

4. Ms. Stowers is a member of a protected class under Title VII.

5. Employer is licensed to do business in Georgia.

6. Employer transacts business in the Northern District of Georgia.

7. Employer is subject to this Court's jurisdiction.

8. Employer may be served with process through its registered agent for service of process.

## STATEMENT OF FACTS

9. Employer is subject to the anti-discrimination and anti-retaliation provisions of Title VII.

10. Employer employed 15+ employees for each working day in each of twenty or more calendar weeks from 2020 throughout 2022.

11. At all times material to this Complaint, Employer had control over both Plaintiff's employment and the terms and conditions thereof.

12. Plaintiff began employment with Employer on or about May of 2021.

13. Plaintiff's supervisor was an older man named Anthony Josey ("Mr. Josey").

14. Unbeknownst to Plaintiff before she started, Employer's worksite condoned sexual harassment. For example, men at least in certain areas commonly made crude sexual comments, and aggressively pursued sexual relationships with women.

15. Upon information and belief, this pervasive sexual harassment was known to Defendants, and they failed to take corrective action to stop the pervasive sexual harassment.

16. Shortly after Plaintiff started working for Employer, she began to be quid pro quo sexually harassed by Mr. Josey.

17. Specifically, Mr. Josey began to message Plaintiff and ask her sexual favors.

18. For example, Mr. Josey proposed that if Plaintiff would have sex with him or give him oral sex then he could give her a pay raise, pay for her to get her hair done, or give her more desirable shifts.

19. Plaintiff attempted to laugh off Mr. Josey's actions, but when he persisted, she rejected his advances and said that she was not a whore, and would not have sex with him to get her hair done etc.

20. After Plaintiff rejected Mr. Josey's quid pro que offers, she was punished.

21. For example, Mr. Josey threatened her job, Mr. Josey sent her home without pay, and Mr. Josey assigned her dangerous job assignments.

22. Plaintiff feared Mr. Josey, and she feared for her safety around Mr. Josey.

23. This sexual harassment occurred daily, and often multiple times a day.

24. After Plaintiff began to be retaliated against for rejecting Mr. Josey's complaints, Plaintiff contacted Employer's HR department.

25. Plaintiff told Employer's HR what Mr. Josey was doing and made a complaint of sexual harassment.

26. Employer told Plaintiff that this was not Mr. Josey's first incident of sexual harassment, and they promised to take action.

27. Plaintiff was told not come to work while they investigated.

28. When Plaintiff didn't come to work, Mr. Josey texted her and asked why she didn't come to work.

29. Plaintiff was fearful of Mr. Josey.  She communicated that fear to Employer, but no action was taken.

30. Shortly after Plaintiff's complaint, on or around August 11, 2021 Plaintiff was fired.

31. Employer alleged that Plaintiff was fired for being disrespectful, for absenteeism/tardy, but this is all untrue.  Instead, Plaintiff was fired because

of her complaint of sexual harassment and because she refused Mr. Josey's sexual advances.

32. Plaintiff lost significant pay because of her complaint of sexual harassment.

## COUNT I
### Sexual Harassment in Violation of Title VII

33. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

34. As a woman, Plaintiff is a member of protected groups.

35. As detailed above, throughout her employment with Employer, Plaintiff was subjected to both quid pro quo and hostile work environment sexual harassment by Employer.

36. All the above conduct by Defendant's employee Mr. Josey was unwelcome, offensive, and intimidating to Plaintiff, and open and obvious in the workplace.

37. Plaintiff complained that the sexually harassing conduct was unwelcome.

38. At all times relevant to this action, Defendants knew or should have known of the sexual harassment endured by Plaintiff and the existence of a sexually harassing work environment and failed to meaningfully remedy the workplace environment to protect Plaintiff.

39. Defendants willfully and wantonly disregarded Plaintiff's rights, were undertaken in bad faith, and constitute unlawful intentional gender and race discrimination in violation of Title VII.

40. As a result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, inconvenience, loss of income and benefits (past and future), humiliation, and other indignities. Plaintiff seeks all damages available.

## COUNT II
### Retaliation in Violation of Title VII

41. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

42. Plaintiff engaged in protected activities protected under Title VII by making complaints of sexual harassment.

43. As a result of her complaints, Plaintiff suffered adverse employment actions including, but not limited loss of hours, less desirous job assignments, and termination.

44. As a direct and proximate result of Defendants' unlawful discriminatory and retaliatory actions, Plaintiff has suffered lost wages and other benefits of employment, significantly diminished employment opportunities, inconvenience, loss of income, and emotional distress, including but not limited to outrage, shock, and humiliation because she exercised her rights under Title VII.

45. Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination and retaliation against Plaintiff was undertaken in bad faith.

46. As a result, Plaintiff is entitled to both equitable and monetary relief in all forms provided by law.

## COUNT III
## Assault

37. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

38. Mr. Josey's behavior constitutes civil assault.

39. Defendants knew that Plaintiff was likely to be subjected to sexually harassing comments and/or fear of touching's due to the open and obvious nature of Defendants' employees conduct in the workplace.

40. Defendants failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment and assault and battery.

41. Because of Defendants' negligent supervision and retention, Defendant ratified Mr. Josey's behavior.

42. Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

## COUNTS IV AND V
## Negligent Retention and Negligent Supervision

43. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

44. At all times material to this Complaint, Defendant owed a legal duty of care toward their employees to exercise reasonable care and prudence in the hiring, supervision, and retention of its employees.

45. By and through the conduct, actions, and malfeasance cited above, Defendant breached the above-described legal duties of care that it owed to Plaintiff.

46. Defendant knew that Plaintiff was being subjected to sexually harassing comments and harassing conduct because of Plaintiff's repeated complaints of sexual harassment and the open and obvious nature of Defendants' employees' conduct in the workplace.

47. Defendants failed to take prompt and appropriate remedial steps to protect Plaintiff from sexual harassment.

48. Because of Defendants' negligent supervision and retention, Plaintiff suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

**WHEREFORE**, Plaintiff demands an arbitration and the following relief:

(a) cause process to issue;

(b) issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights under Title VII and state law;

(c) grant Plaintiff a permanent injunction enjoining Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly situated because of the exercise of their rights under Title VII or because of their participation in this lawsuit;

(d) grant Plaintiff judgment in her favor and against Defendants under all Counts of this Complaint;

(e) order Defendants to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(f) grant to Plaintiff liquidated damages for Defendants' willful violations of Title VII;

(g) grant to Plaintiff reasonable attorney's fees together with any and all other costs associated with this action as provided by Title VII and state law violations; and

(h) grant plaintiff all her compensatory and punitive damages, and all other damages available by law.

(i) grant such additional relief as the adjudicating officer(s) deem proper and just.

Respectfully submitted on this 25th day of October, 2022.

/s/ J. Stephen Mixon
J. Stephen Mixon
Georgia Bar No. 514050


THE MIXON LAW FIRM
3344 Peachtree Rd. Suite 800
Atlanta, GA 30326
Phone: 770-955-0100
steve@mixon-law.com